Tel:(212)995-2074     **EMILY R. DANIEL** edaniel123@yahoo.com
**Attorney at Law**
69 West 9th Street, Suite 6J
New York, N.Y. 10011

February 25, 2008

<u>VIA ELECTRONIC FILING</u>
Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

       Re: <u>**United States v. Nicholas Calvo,
et al., 08 Cr. 76 (NGG)**</u>

Dear Judge Garaufis:

     I am the CJA attorney assigned to represent the defendant Nicholas Calvo in the above-referenced case. This matter is next scheduled for a status conference on Wednesday February 27, 2008 at 11:00 a.m.

     On February 12, 2008, this Court set bail conditions for Mr. Calvo. This Court stated that it would require a three hundred thousand dollar bond to be secured by one hundred thousand dollars in cash or property and the signatures of three suretors. As the Court is aware, Mr. Calvo's employer, Nacirema, will not be assisting him with bail money and/or suretors.

     Mr. Calvo has been successful in procuring three suretors who are United States citizens with gainful employment and who are longstanding friends of Mr. Calvo. The suretors have proposed to purchase a bail bond in the amount of one hundred thousand dollars to be deposited with the Court. The potential suretors understand that they would be jointly and severally liable for the full bond amount of three hundred thousand dollars should Mr. Calvo fail to satisfy the obligations imposed by the Court. I note that the premium for the purchase of the $100,000 bond is significant and is non-refundable to the suretors.

Alternatively, as previously mentioned, potential suretor Valerie English can put up thirty thousand dollars in cash and a bond can be purchased in the amount of seventy thousand dollars, to create a total of one hundred thousand dollars to be deposited with the Court.

    Providing that the suretors are acceptable to the Court and the government, I ask that this one hundred thousand dollar bond be allowed to satisfy the bail conditions imposed by the Court.  I also request that the Court schedule an additional appearance at which the suretors can be questioned and at which the bail bond can be presented.

    Please also note that although Mr. Calvo has been incarcerated for over two weeks, the Metropolitan Detention Center has still not provided him with the prescription medication which he requires.  I note that on the day of his arrest and incarceration, Thursday February 7, 2008, Magistrate Judge Kiyo A. Matsumoto ordered MDC to provide Mr. Calvo with the medication which he is prescribed (and which Mr. Calvo had in his possession).  To date Mr. Calvo has received no medication and I thus request the Court's assistance in this matter.

    I thank the Court for its time and consideration.

                                    Respectfully submitted,

                                    Emily R. Daniel, Esq.

cc: AUSA Roger Burlingame