*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

February 25, 2008

**BY ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Nicholas Calvo
            Criminal Docket No. 08-76 (NGG)

Dear Judge Garaufis:

      The government writes to oppose the above-named defendant's request that the Court change its February 12, 2008 order setting forth the conditions that the defendant must meet in order to secure his release on bond.

      At that appearance, the Court determined that the defendant could be released on a $300,000 bond, secured by at least $100,000 in cash or property, put forth by at least three financially responsible sureties with close ties to the defendant.  The Court limited to $30,000 the amount that Valerie English, a proposed surety who was described as the girlfriend of a friend of the defendant's, could put forward toward that amount.  Further, to ensure the propriety of any proposed sureties, the Court ordered that all proposed sureties be vetted by Pretrial Services to determine their financial background and the strength of their ties to the defendant.

      The defendant now proposes that the Court permit him to substitute a $100,000 bond purchased from a commercial bail bondsman for the $100,000 in cash or property pledged by sureties approved by the Court with close ties to the defendant.

      This proposed change to the Court's order should be denied.  As Your Honor is well aware, the manner in which bonds are set in this district relies in large part on the moral suasion sureties exert over a defendant.  In this instance, while the proposed sureties would still be liable for the $300,000 total of the bond, the most significant risk would be assumed by

2

a company that takes such risks in exchange for a cash payment — an arrangement that dramatically affects the moral suasion exerted over the defendant. Indeed, the proposed bond — purchased for a set price that can be repaid to the sureties — approximates a bond secured by neither property nor cash. The only certain loss to the sureties would be the cost of the bond, which is not refundable regardless of whether the defendant complies with the conditions of his release, and which can be reimbursed.

The terms of the bail package the Court set for this defendant are far from unreasonable. The defendant is a Genovese associate with strong ties to one of that family's leaders, charged with extortion and other significant crimes for which he faces a substantial term of imprisonment. The evidence against him is strong, consisting of multiple recordings of the defendant engaging in the crimes charged. If the defendant — a former sales executive residing in suburban New Jersey who has lived in the area his entire life — is unable to find sureties willing to put up the cash or property the Court has required to secure the bond, it suggests that those who know him best believe he will be unable to abide by the terms of his release.

The Court set reasonable terms for the defendant's release following a hearing on the matter. It should not change the terms.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: _____
Roger Burlingame
Assistant U.S. Attorney
(718) 254-6422

cc: Emily Daniel, Esq. (by ECF)