

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

MH:JL:RB
F. #2007R00730

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 26, 2008

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re: United States v. Joseph Agate, et al.
> <u>Criminal Docket No. 08 CR 76 (NGG)</u>

Dear Judge Garaufis:

The government moves to designate this case complex under the Speedy Trial Act. As set forth below, the number of defendants and the nature of the prosecution warrant such a designation under 18 U.S.C. § 3161(h)(8)(B)(ii).

I.   <u>Introduction</u>

The indictment in this case charges 62 defendants in 80 counts with dozens of crimes committed over three decades. The racketeering conspiracy charged in count one alone alleges 56 predicate acts, including seven murders, murder conspiracies or attempted murders, more than a dozen separate extortion schemes, as well as robbery, narcotics trafficking, theft, loansharking, illegal gambling, money laundering, securities fraud, mail fraud, embezzlement and bribery.

The discovery produced to date includes wiretap recordings and documentation relating to more than 50 different telephone lines over 30 months resulting in excess of 1000 hours of conversations, and consensual recordings over three years resulting in more than 500 hours of conversations. In addition, search warrants executed at 10 different locations have yielded a total of almost 500 boxes of documents and over 20 computers.

II.  Discussion

The Speedy Trial Act requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later.  See 18 U.S.C. § 3161(c)(1).  Periods of delay resulting from various matters are automatically excluded from the computation of the 70 days.  See 18 U.S.C. § 3161(h).  Any "period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government" is excludable "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and the court "sets forth, in the record of the case, either orally or in writing, its reasons for (that) finding."  18 U.S.C. § 3161(h)(8)(A).

In determining whether a continuance would serve the ends of justice, courts are to consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings. See 18 U.S.C. § 3161(h)(8)(B)(ii).  In making that determination, the courts consider "the number of defendants, the nature of the prosecution, or the existence of novel question of fact or law . . . ."  Id.

Here, the number of defendants -- 62 -- and the nature of the prosecution -- 80 counts charging dozens of crimes committed over three decades -- not to mention the large volume of recordings and documents in discovery, make it unreasonable to expect adequate preparation for trial or pretrial proceedings within the time limits proscribed by the Speedy Trial Act.  For these reasons, the case is properly designated complex.  See, e.g., United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197-98 (2d Cir. 1989) (eight defendant 470-count case appropriately designated complex within district court's broad discretion); see also, e.g., United States v. Hernandez, 862 F.2d 17 (2d Cir. 1988) ("It was hardly an abuse of discretion to hold an 19-defendant case complex."); United States v. Astra Motor Cars, 316 F. Supp. 2d 367, 368-69 (E.D.N.Y. 2005) (finding 83-count, multiple defendant case involving thousands of pages of documents complex).

3

      The Court should grant the government's motion and designate this case complex under the Speedy Trial Act.

                                    Respectfully submitted,

                                    BENTON J. CAMPBELL
                                    UNITED STATES ATTORNEY

                      By:          /s/
                                  Joey Lipton
                                  Roger Burlingame
                                  Daniel Brownell
                                  Evan Norris
                                  Assistant U.S. Attorneys
                                  Amy Cohn
                                  Special Assistant U.S. Attorney
                                  (718) 254-7000

cc:  All Counsel of Record