

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MH:JL
F. #2007R00730

*271 Cadman Plaza East*
*Brooklyn, New York 11201*


February 26, 2008

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

                Re:  United States v. Joseph Agate, et al.
                     Criminal Docket No. 08 CR 76 (NGG)

Dear Judge Garaufis:

        The government writes to advise the Court of certain
matters in advance of the status conferences scheduled for
February 27 and 28, 2008.

1.   Arraignments

        To date, all of the defendants have been arraigned
except for: (1) Nicholas Corozzo, Chris Howard and John
Kasgorgis, who were not arrested and remain at large; (2) William
Kilgannon, who was arrested in the Middle District of Florida and
removed out of custody to this district; and (3) Thomas
Cacciopoli, Russell Ferrisi and Angelo Ruggiero, Jr., who are in
federal custody on prior cases.

        Kilgannon, Ferrisi and Ruggiero are scheduled to appear
at the status conferences.  Cacciopoli has not yet been produced
from FCI Fort Dix.  When he arrives in the district, the
government will contact the Court and defense counsel to arrange
a date for arraignment.[1]

_____

        [1]   Defendant Michael Urciuoli will not appear at the
status conference due to a his arrest on state charges since his
arraignment.

2.   <u>Detention Hearings</u>

        The government sought permanent pretrial detention
against 19 of the defendants.  To date, detention hearings have
been held in the case of John D'Amico, Leonard DiMaria, Louis
Pacelli, Richard Ranieri, Mario Cassarino and Vincent Dragonetti.
In each case, bail was denied and a permanent order of detention
was entered.  Detention hearings also have been held in the case
of Nicholas Calvo, Frank Cali and Louis Filippelli.  In each
case, either a temporary order of detention or a permanent order
with leave to renew has been entered.

3.   <u>Complex Case Designation</u>

        The government filed a motion seeking to designate this
case complex under the Speedy Trial Act.  As set forth in the
motion, the number of defendants and the nature of the
prosecution warrant such a designation under 18 U.S.C. §
3161(h)(8)(B)(ii).

4.   <u>Casamento Submission</u>

        The government submitted a memorandum pursuant to
<u>United States v. Casamento</u>, 887 F.2d 1141, 1151-52 (2d Cir.
1989).  Defendant Louis Filippelli filed a motion seeking to
split up the case pursuant to <u>Casamento</u>.  As set forth in the
government's memorandum, given the early stage of the
proceedings, the concerns set forth in <u>Casamento</u> have not yet
been implicated and do not warrant division of the case, if at
all, for some time.

5.   <u>Detention Issues</u>

        Currently, 19 defendants are incarcerated: 14 at the
Metropolitan Detention Center ("MDC"), three at the Metropolitan
Correctional Center ("MCC"), and two at the Queens Private
Correctional Facility.

        Joseph Corozzo, Vincent Dragonetti, Vincent Gotti and
Mario Cassarino filed motions objecting to their initial
administrative detention and the separation requests at the MDC.
The government, in response, explained that the defendants have
since been released from administrative detention and the request
to separate the defendants into the seven general population
housing units, each containing either two or three defendants,
has avoided the need for any further administrative detention.
Dragonetti, in reply, argued that the separation requests

nevertheless unreasonably effect attorney visits.[2]

The MDC advises that currently, six defendants are housed in three units (two in each) in the East Building, and eight defendants are housed in four units (one in one unit, two in two units and three in a fourth unit) in the West Building. The separation requests only apply to defendants housed in different units.

The government has offered to assist defense counsel in resolving any issues to minimize inconvenience and delay in attorney visits, including devising a schedule to facilitate the visitation process.  To that end, the government has requested that MDC Staff Attorney Adam Johnson attend the status conferences to answer any questions in connection with the defendants at the MDC.

6.   Co-Defendant Meeting

Defense counsel sought to arrange a co-defendant meeting following the status conference on February 27, 2008. The government has been advised that given the logistical issues involved in producing the 19 incarcerated defendants, the request could not be accommodated on such short notice.

7.   Reassignment Motions

Joseph Corozzo filed a motion seeking reassignment of this case.  To date, Leonard DiMaria, William Scotto, Joseph Chirico, Vincent Pacelli, Frank Cali, Joseph Agate, Joseph Spinnato and Charles Carneglia have joined in that motion. Pursuant to the Court's order, any other defendants have until February 29, 2008, to join in the motion.  The government will respond to the motions by March 7, 2008.

8.   Discovery

a.   Recordings

To date, the government has furnished discovery, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including: (1) wiretap recordings and documentation relating to

---

[2]   Defendant Louis Filippelli also moved to remove the separation request in place at the MCC.  BOP has indicated that Filippelli may be returned to FCI Fort Dix, where he was serving a prior sentence, following the status conference.

more than 50 different telephone lines over 30 months resulting in excess of 1000 hours of conversations; and (2) consensual recordings over three years resulting in more than 500 hours of conversations.  Those materials, which constitute a significant percentage of the government's total discovery, have been produced to copy centers and are available for copying by the defendants.

The government has provided a list of the defendants who have been intercepted over the wiretaps and will do the same with respect to the consensual recordings within the next two weeks.  The government will continue to furnish discovery and estimates that the vast majority of discovery will be completed over the next three months.

     b.   <u>Search Warrants</u>

At or around the time of the arrests, the government executed search warrants at 10 different locations.  In those searches, the government seized a total of almost 500 boxes of documents and over 20 computers.  The government is in the process of reviewing the documents and computer files and estimates that it will furnish discovery relating to that material within the next three months.

9.   <u>Plea Offers</u>

At the status conferences, the government will distribute plea offers to all but two of the defendants who have appeared.  The plea agreements require the entry of guilty pleas by May 28, 2008, for the defendants to take advantage of reductions for acceptance of responsibility and global points.

10.  <u>Victim Notifications</u>

In accordance with its obligations under the Justice for All Act, 18 U.S.C. § 3771, the government has made its best effort to notify the victims of the charged crimes of the status conferences.  The government will continue to provide notice of future court proceedings.

11.  <u>Disqualification/Curcio</u>

The government will file a motion seeking to disqualify Joseph Corozzo, Esq. and Ronald Rubinstein, Esq., and the law firm of Rubinstein & Corozzo, P.C., from continued representation of defendants Joseph Corozzo and Arthur Zagari based on a number of conflicts of interest.  The government also

will file a motion notifying the Court of certain potential
conflicts of interest with regard to other attorneys, pursuant to
United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).
The government will file these motions within the next two weeks.

12.   Next Status Conference

        The government will propose that the Court schedule the
next status conference for a date in June 2008.  A period of
three months will give the defendants sufficient time to review
the discovery and to negotiate pleas with the government.

13.   Speedy Trial Act Exclusions

        All of the defendants, except for Joseph Corozzo and
Charles Carneglia, consented to the exclusion of time under the
Speedy Trial Act from the date of arraignment to the first status
conference.  Even without the consent of those defendants, that
time is nevertheless excluded given that one defendant was
removed from another district and three defendants have not been
arraigned.  See 18 U.S.C. § 3161(h)(1)(G) and (h)(7).

        The government will move to continue to exclude time
under the Speedy Trial Act until the next status conference.  In
addition to the fact that three co-defendants still have yet to
appear, and at least one is a fugitive, this case qualifies as
complex under 18 U.S.C. § 3161(h)(8)(B)(ii).  Second, the pending
motions for reassignment also require the exclusion of time.  See
18 U.S.C. § 3161(h)(1)(F).  Finally, it is likely that the
government and at least some of the defendants will commence plea
negotiations with respect to the tendered plea offers, further
warranting an exclusion of time.  See 18 U.S.C. § 3161(h)(1)(I).

                        Respectfully submitted,

                        BENTON J. CAMPBELL
                        UNITED STATES ATTORNEY


              By:   _____/s/_____
                        Joey Lipton
                        Roger Burlingame
                        Daniel Brownell
                        Evan Norris
                        Assistant U.S. Attorneys
                        Amy Cohn
                        Special Assistant U.S. Attorney
                        (718) 254-7000

cc:  All Counsel of Record